**CITY OF DUBLIN v. FORT WORTH & R. G. RY. CO. (No. 69.)**

(Court of Civil Appeals of Texas. Eastland. Jan. 22, 1926. Rehearing Denied March 25, 1927.)

1. **Appeal and error ⬅️931(3)—Court having found for defendant on one issue, it will be presumed, in support of judgment, that court found in his favor on all issues, absent findings and conclusions.**

On record which did not contain court's findings and conclusions, it would be presumed, in support of judgment, that court found in favor of successful party on all issues, where one issue was determined in his favor, in absence of showing that there was no evidence to support judgment.

2. **Appeal and error ⬅️1010(1)—Judgment on findings supported by evidence cannot be disturbed.**

Where findings are supported by evidence, judgment in accordance with findings cannot be disturbed.

3. **Railroads ⬅️79—Valid contract requiring railroad to maintain roundhouse held not established in city's suit to enjoin removal.**

In suit by city against railroad to enjoin railroad from tearing down and removing roundhouse, evidence *held* to sustain finding that no valid contract existed between city and railroad binding railroad to maintain and operate roundhouse and machine shops.

On Rehearing.

4. **Railroads ⬅️82(6)—Railroad abandoning roundhouse construction project held only required to fill excavations in streets.**

Where, after city had ordered closing of crossings, railroad made excavations for roundhouse and machine shops, on railroad's abandoning project, city could not require filling in of all excavations made, but only filling up and restoration of streets.

Appeal from District Court, Erath County; J. B. Keith, Judge.

Suit by the City of Dublin against the Fort Worth & Rio Grande Railway Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Chandler & Chandler, of Stephenville, for appellant.

Goree, Odell & Allen, of Fort Worth, for appellee.

LITTLER, J. The city of Dublin, appellant, instituted this suit against the appellee, alleging that on a certain date appellee, through its general manager and vice president, approached the city council of the city of Dublin, and proposed that if the city council would enter an order closing the crossing between Sheridan and Bennett street, appellee would erect, on the lot adjoining the cot-

ton mill, a roundhouse and machine shops with a capacity for ten locomotives. Appellant did pass such an order closing said crossing on Sheridan and Bennett street, with the understanding, however, that appellee should be its own judge as to the legality of same. That it was further agreed that the city council would use its influence with the school board of the Dublin independent school district to secure for appellee a parcel of land 125′ by 270′ off the east end of said school ground. As a consideration therefor, appellee was to erect roundhouse and machine shops and establish a division point at Dublin for freight. That the city council did secure said lot from the school board in exchange for another lot which had been purchased by appellee for that purpose. That said machine shops were never equipped and said roundhouse was never used for storing engines, and a division point has never been established at Dublin by appellee. That in constructing said roundhouse the said defendant made an excavation covering a territory in area of approximately 300′ by 600′ and from 8 to 10 feet deep, and below the surface of the adjacent property, and built said roundhouse in said excavation; the walls of said roundhouse extending up above the excavation and the surrounding territory. That although said defendant bound itself to the plaintiff to maintain and operate said roundhouse and repair shop and to maintain in connection therewith a freight and division point, but it has nevertheless refused to maintain said roundhouse, and the same is now wholly and totally unused for any purpose by said railroad, and the defendant is now engaged in tearing down said roundhouse and threatening to ship the same out of the city, and that they will continue to do so unless they are restrained by this honorable court. That if appellee is permitted to tear down said building, it will leave unfilled, and unprotected, the excavation which it had made in which to erect said building; and that said excavation is lower than the surrounding territory, and consequently will be filled with water, causing mosquitoes and flies to be propagated and hatched therein; and that the same will become a nuisance.

Appellant further alleges that if said roundhouse and machine shops had been maintained it would have increased the population of Dublin 150 families, and that the pay roll for the appellee would have amounted to approximately $40,000 per month; that property valuations in Dublin would have been thereby enhanced. Appellant further alleges that if appellee is permitted to remove said roundhouse property values will decline and the damage to the city and citizens will be irreparable. That this plaintiff has no adequate remedy at law to prevent the breach of the contract of said defendant to

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

operate and maintain said roundhouse and repair shop and freight division, and that the said contract is valid and supported by a consideration deemed valuable in law, and the plaintiff has exhausted its legal remedies to prevent the removal of said roundhouse, and that it has no adequate remedy at law for redress of the injury and damage that the defendant is now inflicting and will continue to inflict, and that said city and its inhabitants will suffer great and irreparable damage and injury unless an injunction is issued.

Wherefore, plaintiff respectfully prays that temporary writ of injunction be issued restraining the defendant, its agents, servants, and employees, from tearing down or removing or demolishing said roundhouse, and requiring and commanding the said defendant, its agents, servants, and employees, to operate and maintain said roundhouse and repair shops and a freight division on its said road, as the defendant obligated and bound itself to do, and commanding and requiring said defendant to restore the material torn from said roundhouse to its former condition and maintain the same, and restrain the defendant from removing any of said material from the city of Dublin, or shipping the same out of said city.

The defendant answered by general demurrer and special exceptions, and specially pleaded a general denial, and especially denied that it ever agreed with plaintiff to construct and keep any shops or roundhouse in the city of Dublin, and denied that any valid consideration moved to it for the erection and maintenance of a roundhouse in the city of Dublin. Defendant further pleaded that said roundhouse was partially constructed and was never finished and was never operated. Defendant further pleaded that business had so declined that it would not pay to operate said roundhouse and machine shops at Dublin; that they had machine shops and roundhouses at Fort Worth and Brownwood; that it would cost at least $100,000 a year to maintain shops and roundhouse at Dublin; that the company was already operating under a loss of more than $400,000 per year, and that by maintaining said roundhouse and machine shops at Dublin it would place them at extra expense and unnecessary expense upon interstate commerce, which is a violation of the laws of the United States, relative to interstate commerce, and particularly the act of Congress known and designated as the Transportation Act of 1920.

The following agreement appeared in the record:

"It is agreed between the parties to this cause that about the 12th day of February, 1921, a suit was filed in the district court of Erath county, Tex., by Luke Barrett et al., in the nature of a suit for injunction to restrain and enjoin the Fort Worth & Rio Grande Railway Company from closing a certain street in the city of Dublin, known as Bennett street and Sheridan street. That thereafter that suit was tried in the district court of Erath county, Tex., and a judgment was rendered in that case granting a perpetual injunction restraining and enjoining the Fort Worth & Rio Grande Railway Company and the city of Dublin from closing and keeping closed the cossing over the tracks along and across Sheridan and Bennett street. The original judgment in that case being offered in evidence. That that case was appealed and affirmed by the courts and became a final judgment in that cause."

The plaintiff's petition was presented to the district judge, and a temporary injunction was granted and issued restraining the defendant from tearing down and removing its roundhouse properties in the city of Dublin.

On a trial of the case the court entered judgment dissolving the temporary injunction theretofore issued and denied the plaintiff's prayer for injunction, restraining and enjoining the defendant from taking down or removing the roundhouse building situated in the city of Dublin. The court also decreed that the defendant, if it moved said property, was to fill up certain excavations and to vacate the street occupied by it belonging to the city of Dublin, and to place the same in as good condition as when taken possession of by the defendant. The court further adjudged, except as provided in the judgment, that the plaintiff take nothing by its suit. Appellant duly filed its petition for writ of error, and appellee waived citation thereon, and the case is now before this court for review.

Appellant bases its appeal upon five propositions; however, it will only be necessary to discuss propositions No. 1 and 4, which are as follows:

"Where a railroad company contracts with a city to locate and maintain a roundhouse and shops in such city, and the consideration for the contract is the consent of the official government of the city to the use by the company of parts or certain city streets for such purposes, and such streets are taken and appropriated by the railway company for such purposes, such contract is valid and enforceable as to the city, and when the proof shows such facts it is error for the court to dissolve a temporary injunction restraining the company from removing such roundhouse and shops from such city, and such injunction should be made permanent.

"Where the court issued a temporary injunction enjoining the railway company from removing roundhouse and repair shop buildings erected on city streets and later dissolved the injunction, and the proof shows that large excavations have been made in said streets by the railway company, and that the streets have been made impassable and useless as streets, and their condition constitutes a public nuisance, the court should issue a mandatory writ of injunction requiring the railway company to

fill up and restore such streets to their former condition."

[1] The record does not contain the court's findings of facts and conclusions of law, the same not having been requested, and the court having in all things ruled against the contention of appellant's claims in proposition No. 1, it will be presumed that the court found in favor of the appellee on all issues raised, unless it should be shown by the statement of facts that there was no evidence upon which the trial court could base its judgment.

[2] We have carefully examined the statement of facts in full, and conclude that the findings of the court were amply supported by the evidence, and such being the case, this court cannot disturb the judgment of the lower court.

[3] It appears from plaintiff's petition and from statement of facts that appellant bases its claim of contract almost entirely upon the proposition that it passed an ordinance permitting appellee to close Sheridan and Bennett street. However, it appears from the record and from the agreement of the parties hereto, that suit was brought by citizens of the city of Dublin to prevent appellee from closing said street; that a final judgment of the Court of Civil Appeals perpetually restrained the appellee from closing said street. Hence, it is urged by appellee that there is no evidence of any valid contract binding or obligating the appellee to maintain and operate a roundhouse and machine shops in the city of Dublin, and we conclude that the court found in favor of appellee's contention, and therefore did not err in rendering judgment for appellee.

From a close consideration of the statement of facts, we find that not a single member of the city council or other official of the city of Dublin testified that any official or representative of the appellee stated or promised that the appellee would for any period of time continue the operation of the roundhouse and machine shops in controversy. Even if it should be held that in the testimony there was sufficient evidence of a valid agreement to construct such roundhouse and machine shops in consideration of the closing of certain streets, there is no evidence upon which the court could base an injunction to permanently maintain the operation of said shops.

The evidence also shows that this is not a suit to prevent the removal of an existing roundhouse and machine shop, for same had never in fact existed. A building for that purpose had been under construction and practically, though not entirely, completed, but it had never been used for any purpose, and never in fact became a roundhouse or machine shop. The appellant in its pleadings has specially alleged that the appellee

"has never used said roundhouse for any purpose."

It is contended by appellant that if appellee is permitted to tear down the building, water will accumulate in the excavation and become a nuisance to the city, and that therefore a mandatory injunction should be issued to prevent the tearing down of said building, and that the lower court erred in not issuing said injunction.

We conclude that the court should have decreed that appellee, after removing all buildings, should be required to vacate all streets now occupied by said roundhouse and machine shops, or by any trackage of and across any of said streets, the same having been placed there for the purpose of using said roundhouse and machine shops, and should further be required to place all streets and public used by it for the purposes of building said roundhouse or trackage in the same condition or as near as possible as it was in before the commencement of said buildings or trackage, and should also be required to fill in all excavations made.

With the above modifications of said judgment, the judgment is in all things affirmed.

PANNILL, C. J., not sitting.

### On Rehearing.

TURNER, Special Judge. The original opinion, reforming and affirming the judgment of the trial court, was handed down at the last term of this court, the opinion being by former Associate Justice LITTLER.

This judgment was not complained of by appellant, but appellee in due time filed a motion for rehearing, in which complaint is made of that part of the opinion reforming the judgment of the trial court, wherein Justice LITTLER said:

"It is contended by appellant that if appellee is permitted to tear down the building, water will accumulate in the excavation and become a nuisance to the city, and that therefore a mandatory injunction should be issued to prevent the tearing down of said building, and that the lower court erred in not issuing said injunction.

"We conclude that the court should have decreed that appellee, after removing all buildings, should be required to vacate all streets now occupied by said roundhouse and machine shops, or by any trackage of and across any of said streets, the same having been placed there for the purpose of using said roundhouse and machine shops, and should further be required to place all streets and public (property) used by it for the purposes of building said roundhouse or trackage in the same condition or as near as possible as it was in before the commencement of said buildings or trackage, and should also be required to fill in all excavations made."

Appellee in its motion has asked that this portion of the opinion be withdrawn, and

that the judgment of the trial court be affirmed without change. In support of its motion, appellee urges the following grounds: First, that the court erred in rendering judgment requiring appellee to fill all excavations, for the reason that the damages alleged by appellant are wholly prospective in their nature and have not occurred at this time; second, because the excavations referred to are not a nuisance per se and will become so only in the event proper drainage facilities are not provided, and the court should not presume that the appellee will not so remove said property as to prevent a nuisance; third, the court erred in reforming said judgment so as to require the appellee to fill all streets, public property, and other excavations, because the trial court in its decree had expressly required the appellee to restore said streets to public traffic in substantially the same manner and to the same extent as same had existed prior to the construction of said roundhouse, and no higher or greater burden can be placed upon appellee under the pleadings and evidence in this case.

[4] It will be noted that appellee concedes the correctness of the judgment in so far as it requires the restoration of the streets. Its only complaint is to the additional order, requiring it to fill in *all* excavations made. It will be noted from appellant's fourth proposition, quoted in the original opinion, that appellant only sought the filling up and restoration of the *streets*, and on further consideration of appellee's motion it is concluded that the restoration of the streets, the only property belonging to appellant, is all that it had a right to demand. It is therefore our opinion that the appellee's motion is well taken and should be granted.

It is accordingly ordered that so much of the former opinion in this case as undertakes to reform the judgment of the lower court, and to require the filling in of excavations other than the streets, be and the same is hereby set aside, that the opinion, in all other respects remain unchanged, and that the judgment of the trial court be in all things affirmed.